IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHERRON F., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:17-cv-01058-BT |
| | § | |
| NANCAY A. BERRYHILL, | § | |
| Acting Commissioner of the | § | |
| Social Security Administration, | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Sherron F.[1] seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons explained below, the hearing decision is AFFIRMED.

## **Background**

Plaintiff alleges that she is disabled due to a variety of impairments, including obesity, diabetes, arthritis, high blood pressure, GERD, asthma, early onset dementia, seizures, poor circulation, and pain in her back, knees and hands. *See* Administrative Record 27 & 188 ("A.R.") (Dkt. No. 17). After her applications for disability insurance benefits were denied initially and on

---

[1] Pursuant to the May 1, 2018 Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court uses only Plaintiff's first name and last initial.

1

reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on April 1, 2016. *See id.* 14. At the time of the hearing, Plaintiff was 55 years old. *See id.* 18. She has a college degree and past work experience as a correspondence clerk and billing clerk. *See id.* Plaintiff did not engage in substantial gainful activity during the four-and-a-half-month period at issue in this appeal, February 13, 2010 through June 30, 2010. *See id.* 16.

The ALJ found that Plaintiff was not disabled and therefore not entitled to disability benefits. Although the medical evidence established that Plaintiff suffered from morbid obesity, hypertension, syncope, arthritis, and asthma, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. *See id.* 17. The ALJ further determined that Plaintiff had the residual functional capacity ("RFC") to perform a limited range of sedentary activity, including her past work as a correspondence clerk and billing clerk, and therefore was not disabled. *See id.* 20. Plaintiff appealed that decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court.

Plaintiff challenges the hearing decision, arguing that the ALJ relied on faulty testimony by a vocational expert ("VE") in determining that Plaintiff had the RFC to perform her past relevant work.

The Court determines that the hearing decision should be affirmed in all respects.

## Legal Standards

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo. See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir.1988). The Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

"In order to qualify for disability insurance benefits or [supplemental security income], a claimant must suffer from a disability." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). A disabled worker is entitled to monthly social security benefits if

certain conditions are met. *See* 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must decide if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. The hearing officer must make this determination using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his or her past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any

4

> other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See* 20 C.F.R. § 404.1520(b)-(f); *Copeland*, 771 F.3d at 923 ("The Commissioner typically uses a sequential five-step process to determine whether a claimant is disabled within the meaning of the Social Security Act. The analysis is: First, the claimant must not be presently working. Second, a claimant must establish that he has an impairment or combination of impairments which significantly limit [her] physical or mental ability to do basic work activities. Third, to secure a finding of disability without consideration of age, education, and work experience, a claimant must establish that his impairment meets or equals an impairment in the appendix to the regulations. Fourth, a claimant must establish that his impairment prevents him from doing past relevant work. Finally, the burden shifts to the Secretary to establish that the claimant can perform the relevant work. If the Secretary meets this burden, the claimant must then prove that he cannot in fact perform the work suggested." (internal quotation marks omitted)); *Audler v. Astrue*, 501 F.3d 446, 447–48 (5th Cir. 2007) ("In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the

claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity.").

The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Copeland*, 771 F.3d at 923; *Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Copeland*, 771 F.3d at 923; *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987). In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that

6

failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012)—that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n. 22. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728–29 (5th Cir. 1996).

## Analysis

The ALJ found Plaintiff not disabled at the fourth step of the sequential evaluation because the ALJ determined Plaintiff could perform her past work as a correspondence clerk and billing clerk. A.R. 20. In making this determination, the ALJ relied on VE testimony that a hypothetical person of Plaintiff's age, education, work experience, and functional limitations could work as a correspondence clerk and billing clerk, as those jobs are "customarily performed." *Id.* 50-51. Plaintiff argues the ALJ erred in relying on the VE testimony because it is contrary to the requirements for those jobs that are reported by the supplement to the Dictionary of Occupational Titles ("DOT") and the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles ("SCO").

The Department of Labor promulgated the DOT to provide "standardized occupational information to support job placement activities." *See* Dep't of Labor,

7

D.O.T. at xv (4th ed. 1991). The DOT, along with a companion volume—the SCO, contains descriptions of the requirements for thousands of jobs in the national economy and classifies those jobs based on various factors. According to the DOT and the SCO, the correspondence clerk job requires, among other things, "frequent" reaching. DICOT 209.362-034, 1991 WL 671772. The billing clerk job requires "constant" reaching. DICOT 214.362–042, 1991 WL 671876. Because the ALJ found that Plaintiff could only "occasionally reach overhead," *see* A.R. 17, Plaintiff argues there is a conflict between the VE's testimony and the applicable DOT job descriptions.

    Occupational evidence provided by a VE generally should be consistent with the occupational information supplied in the DOT. Social Security Ruling ("SSR") 00–4p, 2000 WL 1898704, at *2 (Dec. 4, 2000). But, the DOT does not include every specific skill qualification for a particular job. *Carey v. Apfel*, 230 F.3d 131, 145 (5th Cir. 2000). And, the Fifth Circuit has warned against giving DOT job descriptions a role that is exclusive of more specific vocational expert testimony with respect to the effect of an individual claimant's limitations on his or her ability to perform a particular job. *See id.* A direct conflict between VE testimony and the DOT may arise when the VE's testimony concerning the exertional or skill level of a job is facially different from the description of the job found in the DOT. *Id.* When a "direct and obvious conflict" exists between the DOT and the VE's testimony, the ALJ must explain or resolve the conflict. *Id.* If the ALJ does not resolve the conflict, the weight of the VE's testimony is lessened

8

such that reversal and remand for lack of substantial evidence usually follows. *Id.* at 146. On the other hand, when a conflict is implied or indirect, the ALJ can accept and rely upon the VE's testimony provided the record reflects an adequate basis for doing so. *See id.* at 146; *see also Gaspard v. Soc. Sec. Admin. Comm'r*, 609 F. Supp. 2d 607, 613 (E.D. Tex. 2009) (affirming Commissioner's decision to rely on VE testimony despite implied conflict where adequate evidence supported VE testimony).

In this case, there is no direct and obvious conflict between the DOT and the VE's testimony. The DOT's narrative descriptions for the correspondence clerk and billing clerk jobs do not specifically state, or otherwise indicate, that overhead reaching is required. For example, the description for the correspondence clerk job states:

> Composes letters in reply to correspondence concerning such items as requests for merchandise, damage claims, credit information, delinquent accounts, incorrect billing, unsatisfactory service, or to request information: Reads incoming correspondence and gathers data to formulate reply. Operates typewriter to prepare correspondence or to complete form letters, or dictates reply. May route correspondence to other departments for reply. May keep files of correspondence sent, received, or requiring further action. May process orders, prepare order forms, and check progress of orders.

DICOT 209.362-034, 1991 WL 671772. The billing clerk job description states:

> Operates calculator and typewriter to compile and prepare customer charges, such as labor and material costs: Reads computer printout to ascertain monthly costs, schedule of work completed, and type of work

> performed for customer, such as plumbing, sheet metal, and insulation. Computes costs and percentage of work completed, using calculator. Compiles data for billing personnel. Types invoices indicating total items for project and cost amounts.

DICOT 214.362–042, 1991 WL 671876. There is no conflict between the VE's testimony and the DOT because the DOT's descriptions for correspondence clerk and billing clerk are silent as to what type of reaching is required. *Gutierrez v. Colvin*, 2016 WL 4056067, at *1 (9th Cir. July 29, 2016) (holding there is no apparent conflict between the VE's conclusion that an individual with an inability to reach above shoulder level with her right hand/arm could perform cashier work and the DOT's generic job description requiring frequent reaching); *Rodriguez v. Colvin*, 2015 WL 778852, *4 (W.D. Tex. Feb. 23, 2015) (no direct or obvious conflict between vocational expert and DOT where nothing in DOT job description indicated overhead reaching required for job); *accord Carey*, 230 F.3d at 146 (finding there was no conflict with the DOT because the DOT did not state that the job required two hands); *Ridenhour v. Astrue*, 2009 WL 77765, *13 (N.D. Tex. Jan. 12, 2009) (finding no obvious conflict where although reaching was required for job, the DOT did not specific the job must be performed by the dominant hand or arm or require bilateral use of the arms and hands).

At the administrative hearing, the VE testified that a hypothetical person of Plaintiff's age, education, work experience, and functional limitations—including specifically a limitation that the individual could only occasionally reach overhead—could work as a correspondence clerk and billing clerk, as those jobs

are "customarily performed." Plaintiff's representative did not challenge the VE's testimony on this point at the hearing. Indeed, he did not ask the vocational expert any questions at all. A.R. 52. Nothing about the way the DOT describes the correspondence clerk and billing clerk occupations indicates overhead reaching is required. There is no other evidence in the record that contradicts the VE's conclusion. The VE's testimony, which is not in direct conflict with the DOT, constitutes substantial evidence in support of the ALJ's decision.

Even if the Court were to find that there is an implied or indirect conflict between the VE's testimony and the DOT, the ALJ properly relied upon the VE's testimony that Plaintiff can perform her past work because the record reflects an adequate basis for doing so.

## Conclusion

The hearing decision is affirmed in all respects.

SO ORDERED.

September 28, 2018.

_____
REBECA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE